CRIESA/J

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY  FILED       │
│ DOC #: _____        │
│ DATE FILED: 4/17/07         │
└─────────────────────────────┘
```

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIFE IS GOOD, INC.,

            Plaintiffs,

    v.

BENNETT SPANBOCK & CO., INC.,
RICHARD SPANBOCK, JAREL
ENTERPRISES, INC., and
JEFF MAST,

            Defendants.

Civil Action No. 07 CIV 2738  (TPG)

**ORDER AND STIPULATED
PERMANENT INJUNCTION**

WHEREAS, plaintiff Life Is Good, Inc. initiated this action against Bennett Spanbock & Co., Inc., Richard Spanbock, Jarel Enterprises, Inc., and Jeff Mast for trademark infringement and counterfeiting under §32 of the Lanham Act, 15 U.S.C. §1114; unfair competition and false designation of origin under Lanham Act §43(a), 15 U.S.C. §1125(a) trademark dilution under §43(c) of the Lanham Act, 15 U.S.C. §1125(c) and trademark infringement and unfair competition under the common law of New York State;

WHEREAS, on April 4, 2007 this Court entered a Temporary Restraining Order, Order for Expedited Discovery, and Order to Show Cause for Preliminary Injunction;

WHEREAS, defendants stipulate and agree to refrain from using plaintiff's trademarks "Life Is good", "Jake Logo" and "Do What You Like, Like What You Do" shown in U.S. Trademark Registration Nos. 2,025,737; 2,055,452; and 2,454,376 (collectively, "Plaintiff's Trademarks"), or any confusingly similar logo, mark or designation, on any apparel, clothing accessories or similar merchandise, or in connection with the sale, offering for sale, distribution, marketing or advertising or any apparel, clothing accessories or similar merchandise; and

WHEREAS, all parties further stipulate and consent to entry of a permanent injunction and order as hereinafter set forth;

IT IS HEREBY ORDERED THAT:

1.     This Court has jurisdiction over the parties, over the subject matter of the subject action.

2.     Plaintiff's Trademarks "Life Is good", "Jake Logo" and "Do What You Like, Like What You Do," shown in U.S. Trademark Registration Nos. 2,025,737; 2,055,452; and 2,454,376 (annexed as Exhibit 1) are good and valid trademarks in law.

3.     Defendants, their agents, servants, employees, attorneys, officers, successors and assigns, and all persons, firms or corporations acting in concert and/or participation with them, are hereby forever enjoined from:

(i)     using Plaintiff's Trademarks "Life is good", the "Jake Symbol", "Do What You Like, Like What You Do," or any colorable imitations, or any other designation used by Plaintiff to identify its products, either alone or in combination with other words or symbols, as a part of any trademark, service mark, trade name, corporate name, assumed name, domain name, or in any other manner in connection with the advertising, promotion, marketing, sale, or distribution of sportswear including, without limitation, T-shirts, sweatshirts, shirts, hats, pants, and shorts or other related or like goods manufactured, sold or offered for sale;

(ii)     performing any actions or using any words, names, styles, titles or works which are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the public into believing that Plaintiff is a sponsor of Defendants or their products, or that Defendants are in some manner affiliated or associated with or under the supervision or control of Plaintiff, or that the products and services of Defendants originate with Plaintiff or are conducted or offered with

2

the approval, consent or authorization, or under the supervision of Plaintiff, or are likely in any way

to lead the public to associate Defendants with Plaintiff;

   (iii)  using any words, names, styles, titles or marks which are likely to injure the

business reputation of Plaintiff or dilute Plaintiff's Trademarks and the goodwill associated

therewith; and

   (iv)  using any trade practices whatsoever, including those complained of herein,

which tend to unfairly compete with or injure Plaintiff's reputation and Plaintiff's Trademarks and

the goodwill associated therewith;

   4.  Directing Defendants to deliver up for destruction by April 18, 2007 all

products, literature, signs, labels, tags, prints, packages, wrappers, containers, advertising

materials, stationery, and any other items in their possession or control that bear

Plaintiff's Trademarks, or any colorable imitations, as well as all plates, molds, matrices,

masters, and other means of producing or applying the prohibited marks, symbols, or

designations;

   5.  Directing that pursuant to Fed.R.Civ.P. 26(d) and 34(b), Defendants produce to

Plaintiff by April 18, 2007, the following documents:

   (i)  All documents and computer data or other data compilation referring or relating to Defendants' purchases and sales of products bearing one or more of the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks;

   (ii)  All documents and computer data or other data compilation referring or relating to Defendants' purchases and sales of any labels, tags, logos, decals, emblems, signs, and other forms of marking, any packaging, bags, containers, receptacles, and catalogs, price lists, promotional materials and the like duplicating or bearing the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks, or any marks similar thereto.

3

(iii)    All documents and computer data or other data compilation referring or relating to the purchases, sales, distribution, circulation or acquisition of products which are or have been represented or purported to be affiliated with Plaintiff or the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks, and/or any containers or stickers bearing, duplicating or copying the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks or any marks similar thereto.

(iv)    To the extent defendants have such documents and/or products in their possession, custody or control, one complete specimen of every different product, product packaging, press release, advertisement, display and item of promotional material (or a clear photograph of the same if the display no longer exists) that has been used or is intended to be used in connection with the marketing, promotion or sale of Defendants' products bearing any of the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks including, without limitation, brochures, letterhead, invoices, labels or other commercial literature.

(v)    All written and e-mail communications between Defendants and any third parties, including, without limitation, advertising agencies, media, sellers and vendors, referring or relating to the sale, advertisement, promotion or other marketing of Defendants' products bearing any of the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks or other designations similar thereto.

(vi)    All documents referring or relating to Defendants' use of the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks in connection with the marketing, promotion or sale of Defendants' products including, but not limited to, research and development, manufacturing or production activities, or steps toward acquiring distributors.

(vii)    All documents referring or relating to Defendants' selection and adoption of the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks for their products.

4

    (viii)   All documents referring or relating to Defendants' intended markets, customers and/or channels of distribution for products bearing the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks.

    (ix)   All e-mail and written communications between Defendants and any third party, including without limitation Defendants' customers, that refers or relates to Plaintiff;

6.    Directing that pursuant to Fed.R.Civ.P. 26(d) and 30(a), Defendants Jarel Enterprises, Inc. and Jeff Mast shall on April 24, 2007 appear for depositions, at the offices of plaintiff's counsel, relating to the issues of infringement and misappropriation of the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks;

7.    Directing that pursuant to Fed.R.Civ.P. 26(d) and 30(a), Defendants Bennett Spanbock & Co., Inc. and Richard Spanbock shall on or before May 1, 2007, on a date to be agreed upon by counsel, appear for depositions at the offices of Plaintiff's counsel relating to the issues of infringement and misappropriation of the "Life is good," "Jake," and "Do What You Like, Like What You Do" trademarks;

8.    Directing that Defendants recall by April 18, 2007 any and all existing stock of the infringing products ordered by wholesale and/or retail stores, and issue a recall notice to all recipients of Defendants' infringing goods; and

9.    Directing Defendants to file with the Court and serve on Plaintiff, within thirty days after the entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

10.    Directing that the Clerk of Court release to Plaintiff the deposit in the amount of $1,000 submitted by Plaintiff to Court as security for the temporary restraining order in this action.

Dated: April 11, 2007
New York, New York


STIPULATED AND AGREED TO:


Glenn F. Ostrager (GFO2023)
OSTRAGER CHONG & FLAHERTY
    & BROITMAN P.C.
570 Lexington Avenue
New York, NY 10022-6894
(212) 681-0600


Attorneys for Plaintiff Life Is Good, Inc.


David G. Ebert (DGE4079)
Ingram Yuzek Gainen Carroll
    & Bertolotti, LLP
250 Park Avenue – 6th Floor
New York, NY  10177
(212) 907-9603


Attorneys for Defendants
Bennett Spanbock & Co., Inc.
Richard Spanbock, Jarel
Enterprises, Inc., and
Jeff Mast


SO ORDERED

This /6th day of April  2007.


Thomas P. Griesa
United States District Judge


6